### EDMONDSON v. COFFMAN et al.
### No. 13424.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 9, 1936.

Rehearing Denied Nov. 6, 1936.

Charles T. Rowland, of Fort Worth, for appellant.

Rogers & Spurlock, of Fort Worth, for appellees.

BROWN, Justice.

Appellant brought suit in the district court of Tarrant county against appellee for conversion of a certain motortruck and a trailer.

In answer to such alleged cause of action, appellee filed a pleading in which he complained of appellant and one W. H. Gillentine, asserting that Gillentine owed appellee a debt evidenced by a promissory note, which debt was secured by a chattel mortgage lien executed in connection with the note, and appellee asked for judgment for debt against Gillentine and for foreclosure of his chattel mortgage lien against appellant and Gillentine. To this pleading appellant, among other things, urged one paragraph which had for its purpose the charge that there was no consideration for the note and chattel mortgage relied upon by appellee. This is not verified.

Appellee directed an exception to this part of appellant's pleading, and the exception was overruled by the trial court, proper exception being taken to such ruling. When appellant attempted to introduce evidence tending to support his plea of want of consideration, appellee objected to the introduction of such evidence, on the ground that there was no proper pleading to support the same and the trial court sustained such objection.

At the close of the taking of evidence, the trial court gave a peremptory instruction against appellant, on his suit for conversion, and likewise a peremptory instruction in favor of appellee on his note and mortgage establishing the debt against the said Gillentine and foreclosing the mortgage lien against appellant and Gillentine.

Appellant, being dissatisfied with the judgment, has appealed and executed a supersedeas bond.

At the outset, we are confronted with objections on the part of appellee to a consideration of all of appellant's assignments of error, save and except the fourth, on the grounds that they are too general; that some of them are vague, indefinite, and multifarious; and on the further ground that they are not supported by propositions of law explanatory of the action of the trial court, which is complained about. We believe that the objections are well taken, but we will discuss some of the errors urged because of their importance.

It cannot be successfully said that appellee has waived verification of appellant's plea of want of consideration, because the record discloses that appellee specifically objected to the sufficiency of the plea, and, when the trial court expressly overruled such exception, appellee not only reserved the point, but, when appellant attempted to introduce evidence supporting the plea of want of consideration, appellee specifically objected to the introduction of such evidence because there was no proper pleading to support it, and the trial court properly excluded the evidence. At that time appellant could have asked leave to verify his plea but he did not do so, and the trial court did not err in excluding his evidence, which was properly objected to.

There is no merit in the contention that the cross-action filed by appellee against Gillentine for debt and for foreclosure of a chattel mortgage lien against

the personal property in question to secure the debt as against both Gillentine and appellant is improperly presented, because such a pleading was altogether proper in this suit. Therefore appellant's general demurrer urged against it, as well as his plea of misjoinder of parties and causes of action, are without merit.

In his petition, appellant prayed that on final hearing he be given judgment against the appellee for the possession of the designated truck and trailer and for all of his actual damages in the sum of $1,000 (being the alleged reasonable value of the truck and trailer) and exemplary damages in the sum of $5,000. The two causes of action are not pleaded in the alternative.

In his ninth and tenth assignments of error appellant complains that the court erred in overruling his written motion for an instructed verdict in his favor against appellee Coffman for the possession of the motortruck sued for by him, and that the court erred in overruling appellant's written motion for an instructed verdict in his favor against appellee Coffman's alleged cause of action for a foreclosure on all of the trucks and trailers. We find no such written motions in the record and no bills of exception on which to predicate any such assignments of error.

However, if appellant had made any such written motion as the first motion mentioned above, the trial court would not have erred in overruling it, for the simple reason that there is no evidence in the record tending to show that appellee Coffman ever took the truck or ever had possession of it at any time. Appellant's testimony and evidence nowhere tends to raise the issue of any unlawful taking or any unlawful possession by appellee Coffman.

If appellant had presented any written motion for an instructed verdict in his favor against appellee Coffman, on Coffman's alleged cause of action for foreclosure on all of the trucks and trailers described in his chattel mortgage, the overruling of such motion by the trial court could not have been error, because the evidence is undisputed that one Gillentine executed a note and gave the chattel mortgage lien on the personal property in question to secure the note, and the note and mortgage was properly introduced in evidence, and Gillentine admitted the execution thereof and the justness of the debt, and it is apparent that Gillentine sold the personal property to appellant after the execution of the note and chattel mortgage, and that appellant purchased the property after being informed of the existence of the debt and lien against it.

Accordingly, the judgment of the trial court is affirmed.